IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE ROBINSON<br>    PLAINTIFF | :<br>:<br>: |
| V. | :   NO._____ |
| RICCARDO'S MARKET, INC.<br>D/B/A RICCARDO'S MARKET | :<br>:   CIVIL ACTION |
| BOROUGH OF DUNMORE | :   JURY TRIAL DEMANDED |
| MICHAEL IGOE | : |
| JOHN AND JANE DOE I-V<br>    DEFENDANTS | :<br>: |

## COMPLAINT

AND NOW, comes Plaintiff, Dale Robinson, by and through his attorney, Comerford Law, who files this Complaint, averring as follows:

1. This action is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*, for failure to provide reasonable accommodation to Plaintiff, a disabled person, under 42 U.S.C. § 1983 for violations of Plaintiff's rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, and under Pennsylvania tort law for Assault, Battery, Conversion, False Imprisonment and Intentional Infliction of Emotional Distress.

2. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Middle District of Pennsylvania and because

Plaintiffs and Defendants reside in and/or maintain their principle places of business in the Middle District.

## The Parties

4. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

5. Plaintiff Dale R. Robinson (hereafter "Plaintiff") is a resident of Pennsylvania and resides within the Middle District of Pennsylvania.

6. Defendant Riccardo's Market, Inc., ("Defendant Corporation") is a Corporation, organized and operated under the laws of the Commonwealth of Pennsylvania, who does business in Pennsylvania and the Middle District as Riccardo's Market ("the Market"), a grocery store regularly open to the public.

7. Defendant Dunmore Borough ("Defendant Borough") is a municipal corporation and government entity organized and operating under the laws of the Commonwealth of Pennsylvania who owns and operates Dunmore Police Department ("the Department"), pursuant to Pennsylvania law.

8. Defendant Michael Igoe ("Defendant Igoe") is a police officer employed to work at the Department by Defendant Borough. At all times relevant to this Complaint, Defendant Igoe was acting under color of state law in his capacity as a police officer for Defendant Borough. Defendant Michael Igoe is being sued in his individual capacity.

9. Defendants John and Jane Doe I-V are employees of Defendant Corporation and the Market and/or police officers at the Department, employed by Defendant Borough.

## Facts

10. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

11. Plaintiff is an Army veteran who has been disabled since 1996 due to cervical and lumbar disc disease and can only walk short distances.

12. Plaintiff qualifies as a disabled person under the ADA.

13. Due to his disabilities, Plaintiff uses an EWheels 36 Mobility Scooter ("the Scooter") for transportation.

14. Plaintiff is unable to get around without his Scooter.

15. Specifically, Plaintiff is unable to shop without his Scooter.

16. The Scooter qualifies as an electric mobility device under the ADA.

17. Pursuant to the Pennsylvania Motor Vehicle Code, this device is not a "vehicle" and is not subject to title requirements, registration, insurance, inspection or driver's licensing laws.

18. Prior to July 23, 2019, Plaintiff had regularly used this device at business establishments throughout the area, such as Walmart, Redner's Market, Giant Food Store, Wells Fargo Bank and Boscov's Department Store, without issue.

19. On July 23, 2019 at approximately 4:00 pm, Plaintiff entered the Market on the Scooter.

20. Plaintiff shopped for approximately 20-30 minutes and had selected items totaling more than $100.00 for purchase.

21. During this time period, he passed several employees of Defendant Corporation without incident.

22. Suddenly and without warning, Mrs. Riccardo, a co-owner of Defendant Corporation and the Market whose first name is currently unknown[1], began loudly yelling at Plaintiff from some distance away, stating that he was not allowed to use his scooter in her store.

---

[1] Mrs. Riccardo is included in this Complaint as a Jane Doe Defendant until her full name is revealed.

23. Plaintiff attempted to explain that the Scooter was an electric mobility device that he is permitted to use under the ADA.

24. Mrs. Riccardo refused to listen to Plaintiff, repeatedly insisting that he immediately get off the Scooter and transfer all items he was intending to purchase to a cart.

25. The disagreement continued and escalated, and Mrs. Riccardo called the Dunmore Police on Plaintiff.

26. Mrs. Riccardo ordered John/Jane Doe employees of the Market to physically restrain Plaintiff and prevent him from leaving the Market until police arrived.

27. These employees approached Plaintiff and stood in front of his scooter with him still aboard the device.

28. One of these employees put his hands on the front of Plaintiff's scooter, preventing his movement.

29. One of these employees took the keys from the scooter's ignition and threw them to another employee.

30. One of these employees put Plaintiff in a painful headlock and maintained that position for a period of approximately two (2) minutes.

31. Shortly thereafter, John and Jane Doe Dunmore Police Officers arrived, and they immediately ordered Plaintiff to get off of his scooter and walk to the vestibule of the market.

32. Plaintiff attempted to explain to officers that Defendant Market was refusing to allow him to utilize his ADA sanctioned mobility device within the establishment and was essentially told that it was their store and they could do what they wanted.

33. John and Jane Doe police officers then determined that Plaintiff had a suspended driver's license and told him that for that reason, his mobility scooter was being confiscated.

34. John and Jane Doe police officers told Plaintiff that he would receive citations in the mail.

35. John and Jane Doe police officers then contacted DeNaples Auto Parts in Dunmore, Pennsylvania.

36. DeNaples arrived, placed Plaintiff's mobility scooter onto a flatbed truck, and towed the scooter away.

37. Plaintiff then paid for his groceries at a cost of more than $100.00 dollars and was left stranded at the Market with no way home.

38. Plaintiff had no choice but to call a cab at his own expense and without any assistance from the Market or John and Jane Does.

39. Subsequently, Plaintiff contacted DeNaples Auto Parts to retrieve his mobility scooter and was told that he needed to pay a towing charge of $895.00 plus a $100.00 per day storage fee before his scooter would be released to him.

40. Unable to cover this cost, Plaintiff was forced to go without his mobility scooter for more than a month until his counsel was able to secure a waiver of the fees assessed by DeNaples Auto Parts and retrieve the scooter.

41. All of the aforementioned occurred in public, in front of a large crowd, causing Plaintiff to suffer extreme humiliation.

42. As promised, Plaintiff also received two (2) citations in the mail, one (1) for Disorderly Conduct and one (1) for Harassment.

43. Prior to his hearing for the citations, Plaintiff's counsel met with the Chief of the Department and provided documents proving that Plaintiff was entitled to use his mobility scooter within the Market and was not in violation of any law by doing so without a valid driver's license.

44. The Chief indicated a willingness to withdraw the citations, but stated that Defendant Market objected to the withdrawal.

45. A hearing on the citations occurred on November 14, 2018, before Magistrate Judge Paul Ware.

46. Representatives from the Market failed to appear, and the matter was verbally dismissed by Magistrate Ware.

47. This was confirmed by the docket, which then listed the matter as dismissed.

48. Despite this, Plaintiff's counsel received notice that the case was rescheduled for a hearing on December 5, 2018.

49. Counsel submitted a written objection to rescheduling.

50. On December 5, 2018, Plaintiff appeared at the hearing with his counsel.

51. Counsel again objected to the matter having been rescheduled.

52. The objection was again ignored, and the hearing proceeded whereby Plaintiff was convicted of Disorderly Conduct.

53. A fine of $50.00 plus court costs was imposed upon Plaintiff.

54. Plaintiff filed an appeal and a hearing was scheduled.

55. Again, representatives from Defendant Market failed to appear and Plaintiff was found to be not guilty.

56. At all times relevant to this Complaint, the individually named Defendants acted intentionally, knowingly, and/or recklessly.

### Count I: 42 U.S.C. § 12101, *et seq*
### Plaintiff v. Defendant Corporation and Defendant Borough

57. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

58. At all times material hereto, Plaintiff was a business invitee of Defendant Market's business establishment, covered by and within the meaning of Title III of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12182.

59. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of the ADA, 42 USC 12102.

60. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12102.

61. Plaintiff's back injuries are physical impairments that substantially limit one of more of his major life activities.

62. Plaintiff has a record of physical impairment that substantially limits one or more of his major life activities.

63. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants' decision to harass, assault and imprison Plaintiff and to confiscate his personal property.

64. Defendant further failed to provide reasonable accommodations to Plaintiff for his disability.

65. Defendant and its employees harassed and discriminated against Plaintiff due to his disability.

66. Defendants were predisposed to discriminate on the basis of disability and/or record of disability and/or perceived disability and acted in accordance with that predisposition.

67. The actions of Defendants were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

68. As a direct and proximate result of Defendants' violation of Plaintiff's rights as alleged, Plaintiff has sustained injuries and damages including but not limited to, mental anguish, physical pain, emotional distress, humiliation and embarrassment and loss of the ordinary pleasures of everyday life.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, attorney's fees and court courts, fines under the ADA, and punitive damages in excess of the jurisdictional limits.

## Count II: 42 U.S.C. § 1983
## Plaintiff v. Defendant Borough

69. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

70. Plaintiff was subjected to malicious prosecution, false arrest, unlawful seizure of his person, and unlawful seizure of his personal property, by Defendant Igoe and John and Jane Doe police officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

71. Defendant Borough developed, implemented, approved, and/or maintained a number of deficient customs, policies, and/or practices with deliberate indifference, including a failure to train its officers in the ADA which was the moving force behind the deprivation of Plaintiff's Constitutional Rights as described herein.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, and attorney's fees and court courts in excess of the jurisdictional limits.

## Count III: 42 U.S.C. § 1983
## Plaintiff v. Defendant Igoe and John and Jane Doe Defendants

72. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

73. Plaintiff was subjected to malicious prosecution, false arrest, unlawful seizure of his person, and unlawful seizure of his personal property, by Defendant Igoe and John and Jane Doe police officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

74. Defendants were deliberately indifferent to Plaintiff's aforementioned rights.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, and attorney's fees and court courts in excess of the jurisdictional limits.

### Count IV: False Imprisonment
### Plaintiff v. Defendant Igoe and John and Jane Doe Defendants

75. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

76. John and Jane Doe Defendants unlawfully restrained Plaintiff in the Market, preventing him from leaving, without cause.

77. Defendant Igoe and John and Jane Doe Defendants further retrained Plaintiff by impounding his only means of transportation and egress from the store.

78. The detentions were unlawful, and no valid grounds existed for Plaintiff's detention.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, and punitive damages in excess of the jurisdictional limits.

### Count V: Assault
### Plaintiff v. John and Jane Doe Defendants

79. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

80. As stated herein, John and Jane Doe Defendants intentionally inflicted injury upon Plaintiff by placing him in a painful headlock.

81. John and Jane Doe Defendants appeared to be able to cause injury to Plaintiff and did in fact do so.

82. Plaintiff suffered a reasonable apprehension of bodily harm based on Defendants' actions.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, and punitive damages in excess of the jurisdictional limits.

### Count VI: Battery
### Plaintiff v. John and Jane Doe Defendants

83. All averments – both preceding and following this paragraph – in this Complaint are hereby incorporated by reference as if fully set forth at length herein.

84. As discussed herein, John and Jane Doe Defendants physically assaulted Plaintiff by placing him in a painful headlock without Plaintiff's consent.

85. This contact was intentional, offensive, and caused harm to Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, and embarrassment and humiliation, and punitive damages in excess of the jurisdictional limits.

### Count VII: Respondeat Superior
### Plaintiff v. Defendant Corporation

86. All averments – both preceding and following this paragraph – of this Complaint are hereby incorporated by reference as if fully set forth herein.

87. At all times relevant hereto, John and Jane Doe Defendants were employees, servants, and/or workers for Defendant Corporation.

88. Defendant Corporation is liable for these Defendants' actions and inactions which caused injury to Plaintiff under a theory of respondeat superior.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and seeks compensatory damages, including but not limited to physical pain and

suffering, emotional pain and suffering, embarrassment and humiliation, and lost wages, and punitive damages in excess of the jurisdictional limits.

## Count VIII: Agency
## Plaintiff v. Defendant Corporation

89. All averments – both preceding and following this paragraph – of this Complaint are hereby incorporated by reference as if fully set forth herein.

90. At all times relevant hereto, John and Jane Doe Defendants were agents of Defendant Corporation.

91. Defendant Corporation is liable for these Defendants' actions and inactions which caused injury to Plaintiff under a theory of agency.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, embarrassment and humiliation, and loss wages, and punitive damages in excess of the jurisdictional limits.

## Count IX: Malicious Prosecution
## Plaintiff v. Defendant Igoe and John and Jane Doe Defendants

92. All averments – both preceding and following this paragraph – of this Complaint are hereby incorporated by reference as if fully set forth herein.

93. Defendants Igoe and John and Jane Doe caused criminal proceedings to be instituted against Plaintiff.

94. There was no probable cause for the issuance of these proceedings.

95. These proceedings were instituted with malice and with the intent to harass Plaintiff and punish Plaintiff for exercising his rights under the ADA and the United States Constitution.

96. These proceedings terminated in Plaintiff's favor.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, including but not limited to physical pain and

suffering, emotional pain and suffering, embarrassment and humiliation, and loss wages, and punitive damages in excess of the jurisdictional limits.

## Count X: Conversion
## Plaintiff v. Defendant Igoe and John and Jane Doe Defendants

97. All averments – both preceding and following this paragraph – of this Complaint are hereby incorporated by reference as if fully set forth herein.

98. At all times relevant hereto, Plaintiff lawfully owned the Scooter.

99. Defendant Igoe and the John and Jane Doe Defendants unlawfully interfered with Plaintiff's property rights to the Scooter by impounding it for over a month.

100. There was no legal justification for the impoundment of the Scooter.

101. These Defendants caused Plaintiff to be deprived of the Scooter.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant and seeks compensatory damages, including but not limited to physical pain and suffering, emotional pain and suffering, embarrassment and humiliation, and loss wages, and punitive damages in excess of the jurisdictional limits.

Respectfully Submitted

*Comerford Law*

Curt M. Parkins, Esq.
Comerford Law
Attorney for Plaintiff
204 Wyoming Avenue
Scranton, PA 18503
570-880-0777
570-880-0476 (fax)
curt@comerfordparkins.com